[Civ. No. 16905. Fourth Dist., Div. One. Apr. 23, 1979.]

MICHAEL J. CONRAD et al., Plaintiffs and Respondents, v. JERRY LEE DUNN et al., Defendants and Appellants.

## COUNSEL

Percy L. Kleinops, Haugen, Yount, Peck, Kleinops & Degooyer and Kleinops & Cosgriff.

John D. Butler for Plaintiffs and Respondents.

## OPINION

**BROWN (Gerald), P. J.**—Jerry Lee Dunn appeals the judgment after the court ordered him to take down his citizens' band radio (CB) antenna because it was in violation of the covenants, conditions and restrictions of the subdivision in which he lives.

Michael J. Conrad, Dunn's next door neighbor, brought suit. When the Dunns purchased their home they signed a "Buyer's Acknowledgment of Deed Restrictions" which states in part: "The undersigned Buyer, in connection with his offer to purchase the above designated real property in the City of San Diego, acknowledges that he has been informed by the Seller's representative that there are deed restrictions prohibiting the installation of *outside* television or radio antennas, masts, aerials, or whatever, for the purpose of audio or video *reception*." The specific language in the deed is: "No antennae or other device for the transmission or reception of television signals or any other form of

electromagnetic radiation shall be erected, used or maintained outdoors above ground on any property whether attached to a building or otherwise."

■ Dunn argues the restriction is unenforceable because it denies him reasonable enjoyment and use of his CB transmitter[1] which violates his First Amendment right to free speech.

In order to assess the constitutionality of the covenant, it is proper to consider the validity of a zoning ordinance having the same effect (*West Hill Baptist Church* v. *Abbate,* 24 Ohio Misc. 66 [53 Ohio Ops.2d 107, 261 N.E.2d 196, 200]). The regulation of speech and expression by ordinance under the First and Fourteenth Amendments is valid if there is a reasonable, narrowly drawn restriction which concerns the time, place and manner of expression but is not a blanket prohibition of expression (*Schroeder* v. *Municipal Court,* 73 Cal.App.3d 841, 847 [141 Cal.Rptr. 85]). Here there are reasonable beneficial, aesthetic, economic and safety purposes behind such a restriction. (See *id.,* at p. 848.) Dunn was fully aware of the restriction and he and all the other owners in the tract bought their houses with the understanding each would refrain from putting up outside antennas. The covenant does not restrict a person's right to speak over the air; nor does it stop him from broadcasting over a citizens' band radio; rather it limits his use of an outside antenna which restricts the manner of his expression but is not a blanket prohibition.

Conrad, who recovered attorney's fees through the trial level of the case as provided in the restrictions, is entitled to attorney's fees on appeal, to be set by the superior court.

. The judgment is affirmed.

Cologne, J., and Staniforth, J., concurred.

A petition for a rehearing was denied May 9, 1979, and appellants' petition for a hearing by the Supreme Court was denied July 12, 1979.

---

[1]Dunn has *tried one interior* CB antenna which allowed him to broadcast 7-8 blocks: with his outside antenna he can broadcast 15-20 miles.